ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| WANABI MEDIA, LLC<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO y COMERCIO, por conducto de su secretario, Hon. Manuel Cidre Miranda y EL GOBIERNO DE PUERTO RICO, representado por su Secretario de Justicia, Hon. Domingo Emanuelli Hernández<br><br>Recurrida | KLRA202300282 | *REVISIÓN ADMINISTRATIVA* procedente de la Departamento de Desarrollo Económico y Comercio<br><br>Caso Núm.: Motion Picture and Video Industry in Puerto Rico Program Determination<br><br>Sobre: Adjudicación De Fondos por Medio De Rescue Plan Act, Public Law 117-2 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2023.

Wanabi Media, LLC, [Wanabi Media o recurrente] solicita la revisión de una determinación del Departamento de Desarrollo Económico y Comercio, Puerto Rico Film Commission [DDEC o recurrido] emitida el 15 de mayo de 2023. En esta, el DDEC decretó no concederle a Wanabi Media unos fondos que se ofrecen bajo el *Motion Picture and Video Industry in Puerto Rico Program.*

Por los fundamentos que expondremos, desestimamos el recurso por falta de jurisdicción por no tratarse de la revisión de una orden final debidamente fundamentada y ello hace su presentación en este foro una prematura.

**I.**

Mediante la Ley del Plan de Rescate Americano, Ley Pública 117-2, "American Rescue Plan Act of 2021" (ARPA), el Gobierno de Puerto Rico recibió unas asignaciones de fondos bajo el Coronavirus State Fiscal Recovery Fund ("CSFRF"), a beneficio de la Comisión Fílmica de Puerto Rico. ("PRFC", por sus siglas en inglés). Ello con el fin de promover a Puerto Rico como un destino atractivo para los proyectos de filmación y así impulsar la inversión de capital y la creación de empleos en la Isla.

A los fines de otorgar ayuda económica para los proyectos, se crearon ciertas guías de elegibilidad según el documento intitulado *Motion Picture and Video Industry in Puerto Rico Program, Program Guidelines, Published October 18, 2022*. El documento que contiene las guías para la elegibilidad de los fondos también incluye una lista de los proyectos que no serían considerados para la ayuda económica. En el escrito se hace la salvedad de que no todas las solicitudes presentadas conllevan el otorgamiento de la asistencia económica. En el caso de que el proyecto sea denegado, el procedimiento a seguir será el siguiente:

> In the event the project is denied, the Eligible Project will be notified by the PRFC. The approval of cash grants on behalf of the DEDC will be final. Should an applicant disagree with a determination, the applicant can resort to an Administrative Appeal within thirty (30) days from the date the determination became final before the Court of Appeals of Puerto Rico.[1]

Este programa sería administrado por el Departamento de Desarrollo Económico y Comercio de Puerto Rico en conjunto con el Comité de Supervisión de Desembolsos (Disbursement Oversight Committee).

---

[1] Apéndice pág. 11.

El 29 de marzo de 2023 el señor Ramón Ortiz presentó una solicitud a la Puerto Rico Film Commission, con relación al proyecto Puerto Rico Rhythm of Life, a los fines de recibir una subvención para financiar referido filme.[2]

En respuesta, el 15 de mayo de 2023 el DDEC le notificó una carta a Ramón Cruz, Wanabi Media, Puerto Rico Rythm of Life en la que le informó que denegaba los fondos, a saber:

> We appreciate your interest in the Motion Picture and Video Industry Puerto Rico Program. After consideration, the Puerto Rico Film Commission has determined **not to move forward** with the Film Project for a cash grant on behalf of the Department of Economic Development and Commerce through the American Rescue Plan Act, Public Law 117-2 ("ARP") pursuant to the DDEC's discretion..
>
> Please be aware that, as stated in the Program's Guidelines, this determination is considered final. Should an applicant disagree with a determination, the applicant can resort to an Administrative Appeal before the Court of Appeals in Puerto Rico within thirty (30) days from the date the determination became final.

En desacuerdo, el 14 de junio de 2023, Wanabi Media acudió a nuestro foro. En su recurso arguyó que incidió el DDEC al:

> **Primero:** Emitir una determinación de denegatoria de fondos sin fundamentos en violación al debido proceso y al derecho de revisión judicial de la parte recurrida.
>
> **Segundo:** Emitir una determinación de denegatoria de fondos a pesar de que Wanabi Media LLC cumplió con todos los requisitos de las guías para recibir los fondos.

Presentado el recurso, el DDEC interpuso una *Moción De Desestimación Por Falta de Jurisdicción*. Alegó que, en los procedimientos informales no cuasi judiciales, como es el caso de la adjudicación de subvenciones (grants), la Sección 3.1 (2) de la

---

[2] Apéndice págs. 15-20.

Ley de Procedimiento Administrativo Uniforme (LPAU) no exige consignar determinaciones de hechos ni de derecho de la decisión final que se emita. Aun así, explicó que la agencia no emitió una determinación conforme a derecho, toda vez que la decisión no incluyó la advertencia a solicitar reconsideración, según lo exige la Sección 3.1 y 3.15 de LPAU. Además, informó que la carta de denegatoria no explicó el fundamento de la determinación, aunque sea de forma sumaria. Ello a los fines de que los tribunales puedan ejercer su facultad revisora. Reconoció la agencia que en la notificación de la decisión recurrida no se le explicó a Wanabi Media los motivos que tuvo la agencia para denegar. Por ende, la notificación no reunió los requisitos esenciales para ser revisable. Ante ello, alegó que el recurso resulta prematuro y solicitó que se le devuelva el caso para notificar su decisión conforme a derecho.

El 18 de julio de 2023 Wanabi Media presentó su *Oposición a Solicitud de Desestimación*. Expresó, en suma, que la notificación defectuosa no impide la revisión de la resolución que sea de otra forma revisable. Agregó que no procede desestimar el recurso y devolverlo a la agencia, sino que corresponde retener jurisdicción y devolver el caso al foro administrativo al amparo de la Regla 83.1 del Reglamento del Tribunal de Apelaciones[3], 4 LPRA Ap. XXII-B, para que fundamenten su determinación.

Con el beneficio de ambas comparecencias, disponemos.

---

[3] Regla 83.1 Cuando el Tribunal de Apelaciones determine que la sentencia o resolución final del Tribunal de Primera Instancia, de un organismo o de una agencia administrativa carece de los fundamentos necesarios para ejercer adecuadamente su función revisora deberá, en auxilio de jurisdicción, retener jurisdicción sobre el recurso y ordenar al tribunal de instancia, organismo o agencia que fundamente la sentencia o resolución final previamente emitida. Una vez recibido el dictamen fundamentado, el tribunal podrá solicitar de las partes que se expresen y procederá a resolver el asunto.

## II.

## A.

Sabido es que la jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. Miranda Corrada v. Departamento de Desarrollo Económico y Comercio y otros, 211 DPR ___ (2023), 2023 TSPR 40, res. 3 de abril de 2023; Cobra Acquisitions v. Mun. Yabucoa et al., 210 DPR 384 (2022); Metro Senior v. AFV, 209 DPR 203 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*.

## B.

Nuestra función como foro apelativo está limitada por la Ley 201-2003 conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico que dispone en el Artículo 4.006 (c) que

el Tribunal de Apelaciones tendrá competencia, "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas." (Énfasis nuestro). 24 LPRA sec. 24y, véase, además, el Artículo 4.002 de la Ley Núm. 201-2003, *supra*, 4 LPRA sec. 24 (u).

A esos efectos, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9601 *et. seq.* [en adelante, "LPAU"], rige los procedimientos reglamentarios y adjudicativos realizados por las agencias administrativas. Pérez López v. Depto. Corrección, 208 DPR 656 (2022).

En particular, la Sección 4.2 de LPAU, 3 LPRA sec. 9672, dispone como sigue:

> Una parte adversamente afectada por una orden o resolución **final** de una agencia y **que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis nuestro).

> […]

Para que una orden o resolución administrativa sea judicialmente revisable, al momento de presentar el recurso deben estar presentes los elementos siguientes: (1) que la resolución que se pretenda revisar sea final y no interlocutoria; y (2) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia. Pérez López v. Depto.

Corrección, *supra;* Depto. Educ. v. Sindicato Puertorriqueño, 168 DPR 527, 543 (2006).

En cuanto a las determinaciones finales, la Sección 3.14 de LPAU, sobre Órdenes o Resoluciones Finales, 3 LPRA sec. 9654, dispone en lo pertinente como sigue:

> […]
> La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
>
> **La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes**. Cumplido este requisito comenzarán a correr dichos términos. (Énfasis dado)
> […]

En cuanto al derecho a solicitar Reconsideración, la Sección 3.15, 3 LPRA sec. 9655, indica como sigue:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.
> […]

Así pues, para que la decisión tenga carácter de finalidad debe incluir, entre otras, "la advertencia sobre el derecho a solicitar reconsideración o revisión judicial." Crespo Claudio v.

OEG, 173 DPR 804, 813 (2008); véase, Sección 3.14 de la LPAU, *supra*. En este punto, la actuación administrativa debe consignar los derechos y las obligaciones de las partes. Pérez López v. Depto. Corrección, *supra*.

**C.**

Nuestra Constitución reconoce como derecho fundamental el que: "ninguna persona será privada de su libertad o propiedad sin debido proceso de ley". Artículo II, sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico. 1 LPRA Art. II, Sección 7.

El debido proceso de ley "se refiere al 'derecho de toda persona a tener un proceso justo con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo'". Com. Elect PPD v. CEE et al., 205 DPR 724 (2020); Aut. Puertos v. HEO, 186 DPR 417, 428 (2012). En la vertiente procesal, el debido proceso de ley le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. Com. Elect PPD v. CEE et al., *supra*.

Las salvaguardas constitucionales del debido proceso de ley, en el ámbito administrativo, se encuentran reconocidas también en la Carta de Derechos de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9641, PVH Motor. v. ASG, 209 DPR 122 (2022)*.

El aludido Capitulo III de la LPAU, en la Carta de Derechos, Sección 3.1, 3 LPRA sec. 9641, establece los siguientes derechos en el transcurso de los procedimientos adjudicativos formales: 1) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte; 2) Derecho a presentar

evidencia; 3) Derecho a una adjudicación imparcial; 4) Derecho a que la decisión sea basada en el expediente.

A su vez, la sección 5.4 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9684, establece que "[t]oda persona a la que una agencia deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o **gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo**". (Énfasis nuestro).    Es decir que, una vez se concretiza una denegatoria sobre cualquiera de los asuntos contemplados en la sección 5.4 de LPAU, la parte perjudicada tendrá derecho a un procedimiento adjudicativo conforme con el capítulo III de la LPAU.

En cuanto a la revisión judicial de determinaciones administrativas, el Tribunal Supremo ha reiterado que para poder cumplir "con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de la decisión de una agencia sea efectivo, es imprescindible exigir que ella esté fundamentada aunque sea de forma sumaria." Junta Dir. Portofino v. PDCM, 173 DPR 455, 466 (2008); L.P.C. & D. Inc. v. AC, 149 DPR 869, 877-878 (1999), citando a RBR Construction v. Autoridad de Carreteras, 149 DPR 836 (1999). La necesidad de que las agencias fundamenten sus determinaciones, con el fin de que los tribunales podamos ejercer nuestra facultad revisora, se extiende también a determinaciones administrativas en procedimientos informales. Junta Dir. Portofino v. PDCM, *supra*.

Ello responde al entendido que, si la parte adversamente afectada por la determinación de una agencia desconoce los motivos para su proceder, el trámite de la revisión judicial de la

determinación administrativa se convertiría en un ejercicio fútil. Junta Dir. Portofino v. PDCM, *supra*; L.P.C. & D. Inc. v. AC,, *supra*.

En procedimientos informales se exige que la agencia exponga una explicación de las bases sobre las que descansa su decisión, de forma tal que el tribunal tenga fundamentos para hacer su determinación. Aun cuando no se exige determinaciones de hechos y de derecho en la adjudicación de procedimientos informales, deben mediar razones suficientes que pongan en conocimiento a las partes y al tribunal de los fundamentos que propiciaron tal decisión. Junta Dir. Portofino v. PDCM, *supra*, citando a L.P.C. & D. Inc. v. AC, *supra,* pág. 878.

Al requerir que se incluyan los fundamentos en la notificación, asegura que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. Junta Dir. Portofino v. PDCM, *supra*; Véase, Punta de Arenas Concrete v. Junta de Subastas, Municipio de Hormigueros, 153 DPR 733, 742 (2001). Este aspecto cobra fundamental importancia en los casos en los que se desembolsan fondos públicos. Véase L.P.C. & D. Inc. v. AC*, supra*, pág. 879.

Algunos de los objetivos que se logran al requerir que la decisión de una agencia administrativa sea una fundamentada son: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esa tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo, y al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el

concepto de especialización y destreza. L.P.C. & D. Inc. v. AC, *supra,* pág. 879.

Por último y en armonía lo aquí reseñado, para que todo procedimiento cumpla con el debido proceso de ley en su dimensión procesal, se requiere una notificación adecuada del proceso. Por lo tanto, constituye un requisito indefectible la adecuada notificación de las determinaciones de una agencia. Picorelli López v. Depto. de Hacienda, 179 DPR 720, 736 (2010). Así pues, una notificación defectuosa priva de jurisdicción al foro revisor para entender el asunto. PVH Motor. v. ASG, supra; PR Eco Park, Inc. et al. v. Mun. de Yauco, 202 DPR 525, 538 (2019). En protección de este derecho, el Tribunal Supremo explicó que "no se le pueden oponer los términos jurisdiccionales para recurrir de una determinación administrativa a una parte que no ha sido notificada de dicha determinación conforme a derecho". Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008).

## III.

Abordamos, como asunto de prioridad, si tenemos jurisdicción para evaluar los méritos de la presente causa.

El recurrente y el recurrido afirman que en la determinación que revisamos, el DDEC no expresó los fundamentos para denegarle la asistencia económica a Wanabi Media. Ambas partes aseveran que es necesario que el foro administrativo fundamente su determinación a los fines de que este Tribunal intermedio pueda ejercer su facultad revisora. Así pues, los comparecientes entienden que la agencia venía obligada a fundamentar su determinación para fines de revisión judicial.

Revisamos que la carta del 15 de mayo de 2023, cuya revisión se nos solicitó, le expresó a Wanabi Media lo siguiente: "After consideration, the Puerto Rico Film Commission has determined not to move forward with the Film Project for a cash grant" […].  Vemos que determinación de la DDEC solamente le expresó a Wanabi Media que la Comisión determinó no proseguir con la otorgación de los fondos para el proyecto propuesto.  Es decir, denegó la solicitud, sin explicar, aunque sea de manera sucinta, el fundamento para tomar esa decisión.

Esta omisión enerva las garantías del debido proceso de ley que le asiste a las partes afectadas por una decisión administrativa.  Independientemente a que el proceso sea de naturaleza formal o informal es imprescindible que la decisión esté fundamentada.  Véase, Junta Dir. Portofino v. PDCM, *supra*.  Ello responde a que, si la parte afectada por la determinación de la agencia desconoce los motivos para su proceder, el trámite de la revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil. Íd.  Incluso en procedimientos informales se exige que la agencia exponga una explicación de las bases sobre las que descansa su decisión, de forma tal que el tribunal tenga fundamentos para hacer su determinación cuando revise la decisión administrativa.  Véase Junta Dir. Portofino v. PDCM, *supra.* A tenor con lo aquí expresado, como la carta que emitió el DDEC, no expresó los fundamentos para su decisión, se considera que es una notificación defectuosa que nos impide ejercer nuestra función de revisión.

El recurrido Wanabi Media propone que retengamos jurisdicción, a tenor con la Regla 83.1 del Reglamento del Tribunal de Apelaciones, hasta que el foro administrativo fundamente su decisión.  Declinamos su propuesta, pues en este caso no se trata

de que la resolución carece de fundamentos necesarios, sino que la decisión está huérfana de los fundamentos que justifiquen su determinación. Esto es, la carta carece de la más mínima expresión que explique la acción tomada. Por tanto, no contiene las garantías mínimas de notificación que exige el debido proceso de ley.

Concluimos que la determinación que revisamos no contiene fundamento alguno que justifique denegar la ayuda solicitada y que a su vez nos permita ejercer nuestra facultad revisora. Por tal razón, no se puede considerar como una decisión final de la agencia, susceptible de revisión judicial, realmente su presentación en este foro fue prematura.

Además de lo antes explicado, el DDEC tampoco advirtió del derecho a solicitar reconsideración, lo cual también trastoca el debido trámite.

Sobre este particular, el DDEC reconoció en la *Moción de desestimación* que la agencia no emitió una determinación conforme a derecho, toda vez que la decisión no incluyó la advertencia a solicitar reconsideración, según lo exige la Sección 3.1 y 3.15 de LPAU. Por consiguiente, aseveró que la notificación no reunió los requisitos esenciales para ser revisable y solicitó que se le devolviera el caso para subsanar su omisión.

Concordamos con el DDEC. La ausencia de las advertencias de rigor, entre ellas a solicitar reconsideración, implica que no se le instruyó a la parte de todos los remedios disponibles para disputar la determinación administrativa. Ello milita en contra de la legislación aquí reseñada. Sabido es que en los procesos administrativos se debe advertir a las partes que tienen disponible, la opción de la reconsideración, según lo proveen las

Secciones 3.1, 3.14, 3.15 de la LPAU, *supra*. Para que una orden sea final y pueda ser revisada por este foro, las partes deben agotar todos los remedios provistos por la agencia, según lo estatuye la Sección 4.2 de LPAU. Esto incluye, el derecho a solicitar reconsideración ante la agencia, como paso previo a acudir al foro judicial en revisión, por si la parte adversamente afectada interesa ejercer ese derecho.

Así que, era esencial que el DDEC, además de fundamentar su decisión, les hubiese notificado a las partes, de la disponibilidad agotar el proceso de reconsideración ante la agencia, con la expresión de los términos para ello, antes de acudir en revisión judicial a nuestro foro. No lo hizo. Este trámite también debe ser incluido, pues se promueve que la agencia brinde la oportunidad para que se agoten los trámites ante sí, previo a que se pueda acudir al foro judicial en revisión.

La agencia reconoció la omisión y nos solicitó que le devolviésemos el asunto para remitir nuevamente la determinación debidamente fundamentada y con las advertencias de rigor. Así lo hacemos.

**IV.**

Por los fundamentos enunciados, desestimamos el presente recurso por prematuro. Consecuentemente lo devolvemos al Departamento de Desarrollo Económico y Comercio para que emita una nueva resolución debidamente fundamentada, con las advertencias de rigor y que brinde los términos para ello.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones